Mr. Justice Wylie
delivered the opinion of the court.
The controversy in this suit is confined to the work done on that part of Twelfth street which lies between the north line of Ohio avenue and B street north. Rick says he was a partner in this portion of the work. This is absolutely denied by Neitzy under oath, and when Rick himself comes to testify it would seem that he does not come up to the mark. Although he does technically and apparently say that he was interested, yet his declaration is not vigorous and strong and clear, as testimony ought to be on that subject, in order to meet the answer of the defendant, who utterly denies that his contract with the complainant extended to this portion of the square ; that on the contrary, the work was performed by himself in partnership with Nicholas Acker.
■ The record shows that Acker and Neitzy had a contract to pave portions of Ohio avenue and of Louisiana avenue.
*23 We do not think that the deposition of Rick in this case is strong enough to meet the positive and clear denial by Neitzy of the partnership. And then, when we come to look at the other evidence in the case, the evidence of Campbell, who was the bookkeeper for Neitzy and Acker, and who kept an account of the work at that point, it is unim-peached. Campbell was in a situation to know more about the work than any living man, except the parties themselves, and he testifies that the work was done by Neitzy and Acker and not by Neitzy and Rick.
Mr. Chief Justice CARTTER: And he was reinforced by the superintendent.
Mr. Justice Wylie : And another.
Mr. Chief Justice Cartter : Yes, two others.
A positive denial in the answer as strong and clear as Neitzy’s is in this case, can only be overcome by the testimony of two witnesses, or of one witness corroborated by circumstances. The only witness in this ease for the complainant is himself; that is not the kind of a witness that the law requires to overcome a positive denial on the part of the defendant. And the strong preponderance of evidence is that the work was not done by Rick and Neitzy at all but by Neitzy and Acker.
Then there is another view of this matter. The contract was in the name of Neitzy ; there were no written articles of agreement between Rick and Neitzy; there were no books of account kept which would throw light upon the subject; nothing in the world to prove the partnership except the unsustained oath of Rick. The Supreme Court held a few years ago, in a case that went up from this court, affirming our decision, that where there was a dispute in regard to partnership matters, and either party or both parties had been so negligent as to lose the evidence of the par-nership, and to keep their accounts in so confused away that the court cannot see what decree would do justice between the parties, the court will be unable to make a decree at all. We dismissed the bill in that case, for the simple'reason *24 that the evidence of partnership, and the evidence in regard to the account between the parties, was in so confused a •state that we could not reach a conclusion that would be satisfactory to ourselves. An appeal was taken to the Supreme Court, and they affirmed our decision upon the same ground ; that a party who sues to establish a contract and makes a claim under the contract, must make it in such a shape that the court may know what decree will do justice between the parties.
This is too confused and difficult a case to get at and to make clear. The result must be that the decree below must be reversed and the bill dismissed.